**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**MARINA SCARR,**

    **Plaintiff,**

**v.**                                                                                  **Case No.  8:06-cv-566-T-30MAP**

**UNUM LIFE INSURANCE COMPANY**
**OF AMERICA,**

    **Defendant.**
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss Plaintiff's Complaint and/or Strike Attorney's Fee Demand Under State Statute and Request for Jury Trial (Dkt. #4), and Plaintiff's Response to Defendant's Motion to Dismiss Plaintiff's Complaint and/or Strike Attorney's Fee Demand Under State Statute and Request for Jury Trial (Dkt. #5-1).  The Court, having considered the motion, response, memoranda, exhibits, and being otherwise advised in the premises, finds that Defendant's motion should be granted in part and denied in part as stated herein.

**Background**

Plaintiff, Marina Scarr ("Plaintiff"), originally filed suit in the Sixth Judicial Circuit, in and for Pinellas County, Florida, against Defendant, Unum Life Insurance Company of America ("Defendant"), claiming that Defendant failed to pay Plaintiff long-term disability benefits under a policy/plan of insurance.  On April 4, 2006, Defendant removed the action

to this Court, stating that Plaintiff's claim arises under the Employment Retirement Income Security Act of 1974 ("ERISA"), Title 29 U.S.C. §1001, *et seq*. Defendant now argues that the Complaint should be dismissed because the claims brought by the Plaintiff are preempted by ERISA. Further, Defendant argues that a request for attorney's fees under §627.428 of the Florida Statutes is preempted by ERISA and there is no right to trial by jury in an action to recover ERISA benefits.

## Motion to Dismiss Standard

In apprising the sufficiency of a complaint on a motion to dismiss, the accepted rule is that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *South Florida Water Mgt. Dist. v. Montalvo*, 84 F.3d 402, 406 (11th Cir. 1996). The Court must view the complaint in the light most favorable to the plaintiff and construe the allegations in the complaint as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). The threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim. *Ancata v. Prison Health Services, Inc.*, 769 F.2d 700, 703 (11th Cir. 1985).

Regardless of the alleged facts, however, a court may dismiss a complaint on a dispositive issue of law. *Marshall County Bd. Of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993); *Hunt v. American Bank & Trust Co. of Baton Rouge, La.*, 783 F.2d 1011, 1013 (11th Cir. 1986). Conclusory allegations "will not survive a motion to dismiss if not supported by facts constituting a legitimate claim for relief. . . . However, the

alleged facts need not be spelled out with exactitude, nor must recovery appear imminent." *Quality Foods de Centro America, S.A. v. Latin Am. Agribusiness Dev. Corp.*, 711 F.2d 989, 995 (11th Cir. 1983) (citations omitted).

## Discussion

**I.   ERISA Claim.**

It appears from the face of the Complaint (Dkt. #1-2), Exhibit "A" attached to the Complaint (Dkt. #1-2), the Group Long Term Disability Insurance policy (Dkt. #1-3), and the Long Term Disability Income Plan (Dkt. #1-4), that Plaintiff is attempting to assert an ERISA claim arising under an employee benefit plan.  While Plaintiff's Complaint is brief, the Complaint combined with Plaintiff's incorporated Exhibit "A" provide fair notice to Defendant of what the Plaintiff's claim is and the grounds upon which it rests.  Accordingly, Defendant's motion to dismiss Plaintiff's ERISA claim is denied.

**II.   Attorney's Fees Pursuant to Fla. Stat. §627.428.**

Defendant seeks to strike Plaintiff's demand for attorney's fees under Section 627.428 of the Florida Statutes on the grounds that ERISA's preemption clause preempts all state laws, including laws governing attorneys' fees. Defendant's argument is well taken. Section 627.428 of the Florida Statutes, which mandates the award of attorney's fees, is preempted by ERISA, which provides that the award of such fees is discretionary.  *See Petsche v. Prudential Insurance Company of America*, 607 So. 2d 514 (Fla. 2d DCA 1992).

**III.     Demand for Jury Trial.**

Defendant seeks to strike Plaintiff's demand for jury trial of the issues contained within the Complaint. Defendant argues that since ERISA provides only equitable remedies, there is no common law right to jury trial. Defendant's argument is well taken. In general, there is no right to a trial by jury in an action to recover ERISA benefits. *See Howard v. Parisian, Inc.*, 807 F.2d 1560, 1567 (11th Cir. 1987); *see also Blake v. Unionmutual Stock Life Ins. Co. Of America*, 906 F.2d 1525 (11th Cir. 1990).

It is therefore ORDERED AND ADJUDGED that:

1.     Defendant's Motion to Dismiss Plaintiff's Complaint and/or Strike Attorney's Fee Demand Under State Statute and Request for Jury Trial (Dkt. #4) is GRANTED IN PART AND DENIED IN PART as stated herein.

2.     The Court STRIKES from the Complaint the words "section 627.428, Fla. Stat. and or".

3.     The Court STRIKES from the Complaint Plaintiff's demand for jury trial.

4.     Defendant shall have twenty (20) days from the date of this Order to file an answer to the Complaint.

**DONE** and **ORDERED** in Tampa, Florida on May 9, 2006.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2006\06-cv-566.mtd.wpd